IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MARK NORTON,**

      **Plaintiff,**

v.                                                                            **Case No. 3:20-cv-00105**

**WESTERN REGIONAL JAIL,**

      **Defendant.**

## MEMORANDUM OPINION and ORDER

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Plaintiffs' Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that the Western Regional Jail and Correctional Facility in Barboursville, West Virginia ("WRJ") is infested with cockroaches that have contaminated the food served to the inmates. (ECF No. 2 at 4). Plaintiff points to several instances in which cockroaches have been present on the food service cart, the food trays, and the drink dispenser, and he alleges that this problem has persisted for at least one month, without remedy. Plaintiff claims that he has filed a grievance with the facility, but the result is "undetermined." (*Id.* at 3). Because of the unsanitary food service, Plaintiff has had to purchase food from the commissary. As currently written, Plaintiff's complaint fails to state a claim sufficient to withstand dismissal on initial screening, as explained below.

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983. If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.

Plaintiff alleges that the WRJ subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by providing him unsanitary food and food service. The Eighth Amendment "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must

'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (*citing Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). However, "[p]rison conditions may be 'restrictive and even harsh.'" *Farmer*, 511 U.S at 833 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) ("To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments." *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993). Thus, not every uncomfortable condition of confinement is actionable. *Rhodes,* 452 U.S. at 347. Ultimately, this prohibition "does not mandate comfortable prisons, and only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (quoting *Rhodes,* 452 U.S. at 347).

In order for Plaintiff to maintain a *prima facie* case that his conditions of confinement violated the Eighth Amendment, he must show both (1) the deprivation of a basic human need that was "sufficiently serious," when measured by an objective standard, and (2) that the responsible prison officials had a "sufficiently culpable state of mind." *Iko v. Shreve,* 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996)). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'" *Iko,* 535 F.3d at 238. To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted *an extreme deprivation. De'Lonta v. Angelone,* 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, [Plaintiff] must allege a serious or significant physical or emotional

injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." *Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 634). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler v. Waters,* 989 F.2d 1375, 1370–80 (4th Cir. 1993)).

To fulfill the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health or safety by the defendants. *Farmer*, 511 U.S. at 834. The Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Deliberate indifference is more than mere negligence but less than malice. *Flores v. Stevenson,* Civil Action No. 2:11–cv–01278–TMC–BHH, 2012 WL 2803721 (D.S.C. May 11, 2012). Put simply, the staff at the Western Regional Jail had a sufficiently culpable state of mind if they were aware of an excessive risk of harm to Plaintiff's health or safety, but disregarded it. *See Wilson*, 501 U.S. at 298; *Brown v. North Carolina Dept. of Corrections*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)) ("[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.").

"It is well established that inmates must be provided nutritionally adequate food prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White,* 761 F.2d 975, 986 (4th Cir. 1985) (citing *Ramos v. Lamm,* 639 F.2d 559, 571 (10th Cir. 1980)). "Allegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim so long as the deprivation is serious and the defendant is deliberately indifferent to the need." *King v. Lewis*, 358 F. App'x. 459, 460 (4th Cir. Dec. 31, 2009) (citations omitted). Nevertheless, "[o]ccasional short-lived problems with food service and isolated instances of spoiled food or foreign objects in the food do not state cognizable claims under the Eighth Amendment." *Marshall v. Bazzle,* C/A No. 4:08-cv-2775-GRA, 2009 WL 2858999, at *6 (D.S.C. Aug. 27, 2009) (Prisoner's claims that he bit into a raw chicken heart buried in his dinner of chicken livers and, on another occasion chewed on glass found in his food, were not cognizable under the Eighth Amendment); *see also Smith-Bey v. CCA/CTF,* 703 F. Supp. 2d 1, 8, (D.D.C. 2010) ("[T]wo instances of discovering cockroaches in one's food do not rise to the level of sufficiently serious deprivation" under the Eighth Amendment.); *Speech v. Ward,* No. S-05-1403 FCD DAD P, 2006 WL 2849822, at *2 (E.D. Cal. Oct. 4, 2006) (A single instance of being served a meal contaminated with maggots was not a constitutional violation even though the prisoner had heard rumors about others finding roaches and worms in the prison's cereal); *Boulware v. Hill,* No. CIV.A. 98-3876, 2000 WL 1593989 (E.D. Pa. Oct. 24, 2000) ("One instance of a prisoner biting into a mouse contained in his lunch does not constitute a denial of the 'minimal civilized measure of life's necessities.'").

In light of the governing standards and principles, Plaintiff must amend his

complaint in order for the undersigned to complete a preliminary review of the merits and rule on the motion to proceed *in forma pauperis*. Without such an amendment, Plaintiff's complaint will be subject to dismissal. Therefore, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** and cure the following deficiencies in pleading as indicated below:

1. The Western Regional Jail is not a "person" subject to liability for money damages under 42 U.S.C. § 1983. Therefore, if Plaintiff claims that a person or persons acting under color of state law violated his federal civil or constitutional rights, he must amend his complaint to name the individual or individuals as defendant(s). If Plaintiff does not know the name of a relevant person, Plaintiff shall list that person as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and shall further identify the person in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the Court in determining the identity and number of individual defendants in the action, as well as the specific reason that each person is included in the complaint. To the extent Plaintiff knows partial names, he shall include those parts (e.g. Correctional Officer Ronald LKU ('last name unknown")).

2. To the extent that Plaintiff seek non-monetary damages—such as, an order compelling the Jail to improve sanitation—he must name as the defendant the official, in his official capacity, who is responsible for the alleged unconstitutional act or policy.

3. Plaintiff must set forth a factual basis upon which the Court can conclude that the alleged unsanitary food service rises to the level of a an *extreme deprivation* of the basic necessities of life, and that the defendants acted with deliberate indifference to Plaintiff's health and safety by failing to correct the problem.

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered will likely result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is also reminded of his obligation to promptly notify the Clerk of Court of any change in his contact information.**

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** February 5, 2020

Cheryl A. Eifert
United States Magistrate Judge